JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**     **(IN CHAMBERS) Order Re: Appeal from the Bankruptcy Court's Order for Monetary Sanctions**

## I. INTRODUCTION

This appeal arises out of a bankruptcy court's sanction order. Andrea Steinmnann Downs ("Debtor") filed a voluntary Chapter 11 bankruptcy petition and later converted to a Chapter 7. Thomas H. Casey was appointed as the Chapter 7 trustee ("Trustee").

Trustee filed a complaint against Lora Rae Steinmann ("Appellant"), Debtor's mother, among others, after she removed Debtor as a beneficiary from her revocable inter vivos trust. The Complaint alleged that the transfer was fraudulent and sought to recover the trust assets for Debtor's bankruptcy estate.

In January 2019, the bankruptcy court authorized a 2004 examination of Appellant. Trustee and Hausman Holdings, LLC, David Moellenhoff, and Pamela Moellenhoff (collectively, "Creditors") attended the examination. Appellant's attorney instructed her not to answer Creditors' questions, forcing Creditors to compel Appellant's examination and to produce documents.

The bankruptcy court granted the motion to compel. Creditors then moved for sanctions for requiring the motion. The bankruptcy court granted that motion and awarded Creditors $62,172.86. This appeal followed.

For the following reasons, the Court **VACATES and REMANDS** the bankruptcy court's Order.

## II. JURISDICTIONAL BASIS

The Court has jurisdiction over this Appeal pursuant to 28 U.S.C. § 158(a).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

### III. FACTUAL BACKGROUND

In 2016, Debtor filed a voluntary Chapter 11 bankruptcy petition. About a year later, the case was converted to a Chapter 7. Thomas H. Casey was appointed as the Chapter 7 trustee ("Trustee").

While investigating Debtor's financial affairs, Trustee discovered that a few months before filing her initial Chapter 11 petition, Debtor's parents, Lora and Heinz Steinmann, had removed her as a beneficiary from the family trust. Believing this transfer may have been executed to hide Debtor's assets from the bankruptcy estate, Trustee filed an adversary proceeding seeking to void the transfer.

On January 15, 2019, Trustee moved to examine Debtor's mother and father under Federal Rule of Bankruptcy Procedure 2004. Debtor's Creditors joined Trustee's motion. In response, the Steinmanns moved for a protective order preventing their examinations because of health complications.

The bankruptcy court held a hearing on these motions, among others, on February 26, 2020. Trustee, Creditors, and the Steinmanns all participated. During the hearing, the bankruptcy court told the parties, "And I'm cautioning you, I want discovery, 2004's to go forward in good faith. And anymore games, I'm going to be a very unhappy camper." (Feb. 26, 2020 Hearing Tr. at ER 002449). After some back and forth, the parties agreed, "No oral examination of Heinz at this time. Four hours for Lora, with a five to ten-minute break every half hour at this time" in Brightwood, CA. (*Id.* at ER 2464–65).

Right after coming to that agreement, Creditors asked, "The last time we took the examination of Lora Steinmann, I think we spent an hour and a half trying to get ground rules for the examination. So, if they want to limit it to four hours, that's four hours of asking questions, not trying to waste time." (*Id.* at ER 002465). And the Steinmann's counsel replied, "I agree that the Court's order today will be for actual examination time." (*Id.*)

The bankruptcy court then stated that it would deny the motion for protective order as moot because of the protections implemented into the 2004 examination, (*Id.* at ER 002466), and entered an order to that effect on May 17, 2019, (ER 001455–56). It also concluded that it would grant the motion to examine Lora Steinmann. (Feb. 26, 2020 Hearing Tr. at ER 002464) ("That's the examination of Lora Steinmann and Heinz. That I'm going to grant the—I think that we have it all figured out. It's going to happen in Brightwood and—pursuant to the terms."). It entered the order granting the 2004 examination on September 16, 2019. (ER 001458–59).

On September 3, 2019, Creditors and Trustee drove to Wrightwood, California to conduct the 2004 examination of Lora Steinmann. Yet when Creditors tried to examine Lora, her attorney, Ed Hays, instructed her not to answer Creditors' questions:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

Mr. Golden [Trustee's attorney]: And when I'm done asking questions, then he's going to ask you some questions as well.

Mr. Hays: Well, we don't think there will be any questions asked by Mr. Rafatjoo [Creditor's attorney] today. This is the trustee's motion, and the trustee is the party in the adversary proceed. And while Mr. Rafatjoo says he wants to intervene in that proceeding, he hasn't filed a motion yet, and the court hasn't granted that yet. So he can observe, because he's here, but he's not going to ask any questions. If he does, we won't answer.

Mr. Golden: Well, the 2004 was—first of all, the 2004, they joined in, and we've had conversations about the fact that we were recording dates and times for him to ask questions. So it's a little, I think, disconcerting to find out now that you're saying that you won't allow him to ask questions. The whole concept of combining them was to avoid the need for multiple—more examinations. And to raise this at the last second, I think, is problematic, but I won't mean to interrupt you.

Mr. Hays: You've said your peace. But I told you once or twice on the phone that Hamid was not his client, was not a party to this proceeding. And just because they join in [the] 2004 motion doesn't make them a party for purpose[s] of asking questions. You and I had that conversation, [Mr. Golden].

\*\*\*

Mr. Rafatjoo: And you know very well that we joined in the 2004.

Mr. Hays: That doesn't make you—

Mr. Rafatjoo: And that we're allowed to ask questions. Now you're saying you don't want to allow me to ask questions. Or I can ask questions, but you're going to instruct your client not to answer. That's perfectly fine because we can raise it with the court.

Mr. Hays: That is correct.

(Exhibit B of Motion to Compel Testimony of Lora Steinmann at 2004 Examination at ER 00044–45). Creditors then moved to compel Lora Steinmann's testimony.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

The bankruptcy court held a hearing regarding the motion to compel on December 17, 2019. The bankruptcy court admonished the Steinmanns for having Creditors drive to Wrightwood and then not allowing them to ask any questions:

> The Court: I'm certain nobody called [Creditor's attorney] to say, you know, don't bother coming because you're not going to be able to ask any questions. I'm amazed.
>
> Mr. Hays: Your Honor—
>
> The Court: I mean, after we went out of our way to, you know, have this close by. You know, excuse the dad, just had, you know, mom come. And it was in Wrightwood, which is a drive and a half. I'm just appalled that nobody said, don't bother coming if you want to ask questions. I really am. And I'm not blaming you, Mr. Hays, really, I'm blaming your clients.

(Dec. 17, 2019 Hearing Tr. at ER 001002). The bankruptcy court then concluded by saying, "What I think I'm going to do is just continue this. I will probably award something for your client's having to pay for your time to go there because that is a long trip. And we really went out of our way to accommodate Ms. Steinmann." (*Id.* at ER 1013). The bankruptcy court issued an order on March 19, 2020, permitting Trustee and Creditor to continue their examination of Lora Steinmann, but that her testimony would be sealed. It also noted that "[s]anctions are to be awarded as against Lora Steinmann in an amount to be determined by further order of the Court." (Order Granting Mot. Compel at ER 00297).

Creditors then moved for an order awarding attorneys' fees and costs for requiring the motion to compel and for sanctions. The bankruptcy court held a hearing on the motion on March 31, 2020. The bankruptcy court determined that it would "award attorney's fees and costs incurred in bringing the motion to compel . . . at $53,569.56. [And] [f]or the examination of Lora Steinmann . . . award attorney's fees and costs of $8,603.30. So that is a total of $62,172.86." (Mar. 31, 2020 Hearing Tr. ER 001063). And the bankruptcy court issued an order to that effect on April 17, 2020. (Order Granting Attorneys' Fees and Costs at ER 00326–27).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

## IV. QUESTIONS PRESENTED

1. Whether the bankruptcy court erred in awarding sanctions because Appellant was "substantially justified" in refusing to answer questions.

2. Whether the bankruptcy erred in awarding $62,172.86 in attorneys' fees and costs as part of Creditors' motion to compel and 2004 examination of Lora Steinmann.

## V. STANDARD OF REVIEW

"A district court reviews the bankruptcy court's decisions using the same standard that court of appeals would use to review a judgment of a district court in general civil matters." *In re Kelley*, No. SACV 12-00519-DOC, 2012 WL 5878240, at *2 (C.D. Cal. Nov. 20, 2012) (citing 28 U.S.C. § 158(c)(2)). Thus, the district court reviews a bankruptcy court's conclusions of law de novo and reviews its factual findings for clear error. *Nichols v. Birdsell*, 491 F.3d 987, 989 (9th Cir. 2007).

"We will not disturb a bankruptcy's court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *In re Larry's Apartment, LLC*, 249 F.3d 832, 836 (9th Cir. 2001).

## VI. DISCUSSION

Federal Rule of Bankruptcy Procedure 7037 applies Federal Rule of Civil Procedure 37 in bankruptcy adversary proceedings. Rule 37 states that if a motion to compel is granted, the court *must*, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

Here, the bankruptcy court granted Creditors' motion to compel and awarded sanctions related to that motion and for Lora Steinmann's 2004 examination. (Order Awarding Fees at ER 00326–27). Appellant offers two arguments for why the award was unwarranted. First, she was "substantially justified" in declining to answer the questions at the September 3 examination. Second, even if she were not, the amount of the award was unreasonable. The Court addresses each in turn.

    **A.**   **Substantial Justification**

The partying contesting the discovery sanction under 37(a) bears the burden of establishing substantial justification. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Both the Ninth Circuit and the Supreme Court have offered some guidance on this standard. In the Ninth Circuit, "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification'" to reverse a discovery sanction. *Hyde*, 24 F.3d at 1171. The Supreme Court explained, in the discovery context, the standard is "satisfied if there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted).

Appellant argues she was substantially justified in refusing to answer Creditors' questions because: 1) Creditors did not give proper written notice of their appearance at the deposition; and 2) Appellant's privacy rights protected her from providing such information.

Appellant raised both arguments to the bankruptcy court. Still, the bankruptcy court determined that Appellant's refusal to answer Creditors' question was not substantially justified. This Court does not believe that conclusion was an abuse of discretion.

    *1.*   *Lack of notice*

Take the lack of notice. The February 23, 2020 hearing transcript suggests that Appellant understood Creditors would both attend and participate in the 2004 examination. At one point, Creditors asked, "The last time we took the examination of Lora Steinmann, I think we spent an hour and a half trying to get ground rules for the examination. So, if they want to limit it to four hours, that's four hours of asking questions, not trying to waste time." (Feb. 23, 2020 Hearing Tr. at ER 002465). And Appellant's counsel replied, "I agree that the Court's order today will be for actual examination time." (*Id.*) Why would Creditors ask this question if they were not going to participate? And why would Appellant answer if she did not understand that Creditors intended to participate?

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

Although the bankruptcy court did not enter its order permitting Creditors to participate until two weeks after the 2004 examination, it was reasonable from the context of the February 23 hearing that was what the bankruptcy court intended. On top of that, Trustee asserts that he told Appellant that Creditors would be attending the 2004 examination. Yet no one informed Creditors that they could not ask questions.

Taking all this into account, the bankruptcy court did not abuse its discretion when it concluded that Appellant's behavior was not substantially justified.

2. *Privacy concerns*

The Court turns now turns to Appellant's privacy rights argument. Appellant argues that various authorities, such as the California Probate and Civil Codes, warranted her refusal to answer Creditors' questions. And by allowing the 2004 examination to be sealed, the bankruptcy court implicitly acknowledged that the refusal to answer questions was justified.

Although Appellant raised this privacy issue in their opposition to the motion to compel, the bankruptcy court was unpersuaded and still ordered Appellant's examination. Thus, the bankruptcy court found that the weight of authority did not substantially justify Appellant's refusal to answer any of Creditors' questions. That conclusion was not an abuse of discretion.

As to whether the sealing of the transcripts dictates the finding that there was substantial justification, the bankruptcy court disagreed: "I mean, the fact that there were financial privacy issues that I ruled on I don't think excuses Ms. Steinmann from answering questions and saying that the movant's counsel couldn't participate in the 2004 examination. I think those are two different issues." (Mar. 21, 2020 Hearing Tr. at ER 001063). This Court sees no issue with that assessment. Appellant could have objected to Creditors' questions, answered them, and then moved to seal the transcript to protect her privacy rights after.

While this Court may have concluded differently whether the privacy concerns substantially justified her refusal to answer questions, it does not believe the bankruptcy court's decision was an abuse of discretion.

In sum, because the bankruptcy court did not abuse its discretion in finding that Appellant's refusal to answer Creditors' questions was not substantially justified, and there is no evidence that the wrong standard was applied in coming to that conclusion, the Court affirms the award of discovery sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

### B.  Reasonableness of the Award

The bankruptcy court awarded $62,172.86, "representing and reimbursing . . . for attorneys' fees and costs that were incurred in connection with the Motion to Compel and with the Examination of Lora Rae Steinmann." (Order Awarding Fees at ER 00326–27). The award was broken down as: $53,570.56 in attorneys' fees and costs for the motion to compel and $8,602.30 in attorneys' fees and costs for the examination. (*Id.*)

"The amount of fees awardable under Rule 37 of the Federal Rules of Civil Procedure is determined using the familiar lodestar approach." *Cimini v. White*, No. 2L19-cv-01027, 2020 WL 343766, at *1 (D. Nev. Jan. 21, 2020); *see also Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 314 (C.D. Cal. 2020) (applying the lodestar method for awarding attorneys' fees for discovery dispute).

"The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Co.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The party seeking the award bears the burden of submitting time records justifying the hours expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

First, courts determine the reasonable hourly rate by considering the experience, skill, and reputation of the attorney requesting the fees. *Id.* Courts "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210–11.

Next, courts must determine whether the hours submitted were reasonable. Generally, the court where the litigation takes place is in the best position to make that determination. *Id.* at 1211. And while that court has a "a great deal of discretion in determining . . . the reasonableness of hours claimed by the prevailing party . . . . [it] is required to articulate . . . the reasons for its findings regarding the propriety of the hours claimed . . . ." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Although these calculations "need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers*, 796 F.2d at 1211. The Supreme Court has required "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 242, 437 (1983). "What remains important is that the [court] articulate with sufficient clarity the manner in which it makes it determination of a reasonable hourly rate and the number of hours which should reasonably be compensated." *Chalmers*, 796 F.2d at 1211. (citing *Rutherford v. Ptichess*, 713 F.2d 1416, 1420 (9th Cir. 1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | *In Re: Andrea S. Downs* | | |

"Once the reasonable number of hours has been multiplied by the reasonable hourly rate . . . the [court] may consider other factors in determining whether to adjust the fee upward or downward." *Chalmers*, 796 F.2d at 1212.

Here, the bankruptcy court did not explain how it arrived at the $53,569.56 award for the motion to compel. It seems it got this number by dividing in half the total requested fee of $107,041.25. (*See* ER 000193). If that is the case, the bankruptcy court skipped the second step—determining the reasonable number of hours—and went straight to the final step—the upward or downward adjustment.

Perhaps this was an implicit acknowledgment that the number of hours Creditors expended was reasonable. But if it was, such a finding would be an abuse of discretion because many of Creditors' hours were unrelated to the motion to compel. *See also* Fed. R. Civ. P. 37(a)(5) ("if the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's *reasonable expenses incurred in making the motion*, including attorney's fees") (own emphasis added).

The first page of Creditors' time entries, for example, all relate to the 2004 motion, not the motion to compel. (*See, e.g.*, Time Report at ER 000268) ("Review and analyze emails regarding 2004 motions.") ("Review, analyze and respond to emails regarding 2004 motions.") ("Prepare Joinders to the Chapter 7 Trustee's Motions for 2004 Examinations."). Thus, they should have been omitted when determining the number of hours for the motion to compel.

Many other time entries also should have been disregarded. For example, there are time entries for: "review, analyze and respond to emails regarding document production and motion to intervene"; and "conference call regarding case strategy and discovery issues." (ER at 000270–71). And other entries for the meet and confer process also arguably should have been excluded. *See Infanzon*, 335 F.R.D. at 314 (explaining that the prevailing view in this district is that tasks related to the meet and confer process are generally not compensable when awarding attorneys' fees).

The bankruptcy court's failure to both explain how it arrived at its fee award and exclude certain time entries from its analysis was an abuse of discretion. The entire award of attorneys' fees of $62,172.86 is therefore vacated and remanded to the bankruptcy court so that it may calculate the reasonable number of hours expended on the motion to compel and examination of Lora Steinmann, and make a more appropriate award of attorneys' fees.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-02272-RGK | Date | March 26, 2021 |
|---|---|---|---|
| Title | In Re: Andrea S. Downs | | |

## VII. CONCLUSION

For the foregoing reasons, the Court **VACATES and REMANDS** the bankruptcy court's award of attorneys' fees.

**IT IS SO ORDERED.**

:

Initials of Preparer